ON PETITION FOR REHEARING AND/OR CLARIFICATION
MANN, Judge.
We believe that judges should not answer unasked questions, and for that reason hesitated to suggest the ultimate outcome of this litigation when it was first before us. Both parties ask us to clarify our decision, however, and we do so to the extent of spelling out the procedure upon remand for the resolution of the issues which necessarily involve Mrs. Minshall and suggesting a final resolution of the issues between the parties before us.
It is clear that the ¡debt is owed the assignee and that the adjudication of it ought to stand. What is not clear is whether the property of Mrs. Minshall will, after payment of the judgment, continue to be encumbered by the lien of the mortgage. That issue, argued by these parties, does not concern Ursula Cooper, but it does concern Elva Minshall. Therefore upon remand the judgment ought to be vacated, Mrs. Minshall should be brought in as a party, the money judgment should be reinstated as a partial final judgment, with jurisdiction over Mrs. Cooper reserved for the rendition of such further orders as may be necessary to deal with the lien of the mortgage.
We do not reach the issues between the administrator and Mrs. Minshall. It is clear that the adminstrator must pay Stanley Minshall’s debt and that the proceedings heretofore held are conclusive of the existence and amount of that debt.
We are advised by brief, but not of record, that an independent action has been instituted to settle the issues between Mrs. Minshall and the administrator. The trial judge may, in his discretion, elect not to consolidate that cause with this one if in his judgment the efficient administration of justice suggests that that cause may proceed more efficiently in the division of the court to which it is presently *700 assigned. This is a matter for application of the rules for the internal administration of the Sixth Circuit and either method of procedure is satisfactory so long as the final judgment in this case determines all of the issues between all three parties, as the proposed third party proceeding would have done.
There being no necessity for Mrs. Cooper to wait for satisfaction of her judgment, we deny the petition for rehearing, grant the petition for clarification, reverse and remand for further proceedings not inconsistent with this opinion.
HOBSON, C. J., and PIERCE, J., concur.